Charles A. Jones, Esq., SBN 6698
Kelly McInerney, Esq., SBN 7443
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile: (775) 853-6445
Caj@cjoneslawfirm.com
Kelly@cjoneslawfirm.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ADAM SCHUVEILLER and LINDSEY SCHAFER, as individuals, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>KUHN PHYSICAL THERAPY, LLC, a Nevada Limited Liability Company.<br><br>Defendant. | Case No.<br><br>**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207. |

Plaintiffs, on behalf of themselves and all others similarly situated, allege the following:

1. This case is brought as a collective action pursuant to 29 U.C.S. § 216(b) of the Fair Labor Standards Act ("FLSA") which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." As alleged in detail herein, Plaintiffs allege that Defendant uniformly failed to pay overtime wages to its hourly,

1
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

non-exempt employees employed in the positions of PT Tech/ Aide and Senior PT Tech/ Aide. This action is brought to recover unpaid wages, unpaid overtime, liquidated damages, penalties, costs of suit and attorney's fees on behalf of the following groups of similarly situated persons:

FLSA Collective Action Group 1:

All persons who, at any time between May 25, 2017 through judgment, are or were employed by Defendant at one of its Physical Therapy locations in the State of Nevada as PT Techs or PT Aides.

FLSA Collective Action Group 2:

All persons who, at any time between May 25, 2017 through judgment, are or were employed by Defendant at one of its Physical Therapy locations in the State of Nevada as Senior PT Techs or Senior PT Aides.

## I.  JURISDICTION AND VENUE

2. This Court has original jurisdiction over the claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the Defendant employed the Plaintiffs in Washoe County, Nevada, the Plaintiffs reside in Washoe County, Nevada, the Plaintiffs performed work for Defendant in Washoe County, the Defendant's headquarters and principal place of business is located in Washoe County, and many of the illegal acts complained of herein occurred in Washoe County, Nevada.

## II.

## FACTUAL ALLEGATIONS

4. Defendant KUHN PHYSICAL THERAPY, LLC (Hereinafter "Defendant") is a Nevada Limited Liability Company with its headquarters and principal place of business located in Washoe County, Nevada. Defendant owns and operates a number of Physical Therapy orthopedic rehabilitation facilities throughout the State of Nevada which operate under the name of Premier

Physical Therapy & Sports Performance (hereinafter "Premier"). Presently, Defendant owns and operates Physical Therapy facilities at the following locations: Reno location, 615 Sierra Rose Dr. #2A; Sparks location, 2175 Green Vista Drive, Suite 210; and Carson City location, 1898 E. College Parkway, Suite 102. Plaintiffs are informed, believe, and thereupon allege that Defendant also owns and operates at least one Physical Therapy facility in the Las Vegas area.

5. At all times relevant hereto, Defendant has been the employer of Plaintiffs, and all others similarly situated, and has been engaged in commerce for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* At all times material to this action Defendant has been an "employer" of Plaintiff, and all others similarly situated, as defined by § 203(d) of the FLSA. At all times relevant hereto, Defendant authorized, suffered, and permitted Plaintiffs, and all others similarly situated, to work in excess of forty (40) hours per week without paying Plaintiffs, and all others similarly situated, overtime at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

6. At all times relevant to this Complaint, the wage and hour and all related employee compensation policies of Defendant were dictated by, controlled by, and ratified by Defendant.

7. Plaintiff ADAM SCHUVEILLER is a natural person who resides in Washoe County, Nevada. Plaintiff SCHUVEILLER is currently employed by Defendant as a Senior PT Aide / PT Tech. During the three year period prior to the filing of this action, SCHUVEILLER has been employed by Defendant as a non-exempt, hourly paid Senior PT Aide / Senior PT Tech. During the three year period prior to the filing of this action, SCHUVEILLER has worked for Defendant at the Physical Therapy orthopedic rehabilitation facility located at 615 Sierra Rose Dr. #2A and has also worked at the other orthopedic rehabilitation facilities owned and operated by Defendant in Northern Nevada. During the three year period prior to the filing of this action,

Defendant paid SCHUVEILLER an hourly rate ranging from $18.00 per hour to $21.65 per hour. In addition to his hourly rate of pay, SCHUVEILLER also received non-discretionary bonuses from Defendant on a monthly basis based on the number of patient visits during the prior month. A true and correct copy of Defendant's Bonus Plan applicable to Mr. SCHUVEILLER and all others similarly situated is attached hereto as Exhibit 1. Like all other Senior PT Aides / Techs and PT Aides / Techs, Defendant required SCHUVEILLER to record his hours worked on a daily basis using Defendant's automated time keeping system. During his employment with Defendant, SCHUVEILLER regularly worked in excess of forty (40) hours per week without receiving overtime pay. Attached as Exhibit 2 are some of SCHUVEILLER's paystubs from Defendant reflecting the fact that he regularly worked in excess of forty hours per week and was not paid overtime at the rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours per week.

8. As reflected in Exhibit 2, Defendant authorized, suffered and permitted SCHUVEILLER to routinely work in excess of forty (40) hours per week without receiving overtime pay equal to one and one half times his hourly rate of pay as required by the Fair Labor Standards Act, 29 U.S.C. §207(a)(1). For example, during the pay period beginning on 9/17/2016 and ending on 10/1/2016, SCHUVEILLER worked 100.81 hours and was paid $2,056.52 ($20.40 per hour multiplied by 100.81 hours equals $2,056.52). However, during this pay period SCHUVEILLER worked 20.81 hours of overtime for which he was not compensated at one and one half times his regular rate of pay. Specifically, SCHUVEILLER should have been paid $2,268.79 during this pay period and is thus owed $212.27 in unpaid overtime, an equal amount for liquidated damages, and interest. The calculation is as follows: $20.40 hourly rate multiplied by 80 hours equals $1,632. $20.40 hourly rate multiplied by 1.5 equals an overtime rate of pay of

$30.6 for all hours worked over 40 hours per week. 20.81 hours of overtime multiplied by an overtime rate of pay of $30.6 equals $636.79. $1,632 plus $636.79 equals $2,268.79.

9. Plaintiff LINDSEY SCHAFER is a natural person who resides in Washoe County, Nevada. Plaintiff SCHAFER is currently employed by Defendant as a Senior PT Aide/ PT Tech. From approximately December of 2014 through June of 2016, SCHAFER was employed by Defendant as a non-exempt, hourly paid PT Tech / Aide. In approximately June of 2016, SCHAFER was promoted by Defendant to a Senior PT Tech / Aide. As a Senior PT Tech / Aide, SCHAFER was paid by the hour and was a non-exempt employee of Defendant. During the three year period prior to the filing of this action, SCHUVEILLER has worked for Defendant at the Physical Therapy orthopedic rehabilitation facility located at 615 Sierra Rose Dr. #2A. During the time she was employed as a PT Tech / Aide, Defendant paid SCHAFER an hourly rate of approximately $14.25 per hour. Since becoming a Senior PT Tech / PT Aide, Defendant paid SCHAFER an hourly rate ranging from approximately $20.00 per hour to $21.50 per hour. As a Senior PT Tech / PT Aide, in addition to her hourly rate of pay, SCHAFER also received non-discretionary bonuses from Defendant on a monthly basis based on the number of patient visits during the prior month. See, Exhibit 1. Like all other Senior PT Aides / Techs and PT Techs/ Aides, Defendant required SCHAFER to record her hours worked on a daily basis using Defendant's automated time keeping system. During her employment with Defendant as both a PT Tech / Aide and Senior PT Tech / Aide, SCHAFER regularly worked in excess of forty (40) hours per week without receiving overtime pay. Attached as Exhibit 3 are some of SCHAFER's paystubs from Defendant reflecting the fact that she regularly worked in excess of forty hours per week and was not paid overtime at the rate of one and one half times her regular rate of pay for all hours worked in excess of forty hours per week.

10. As reflected in Exhibit 3, Defendant authorized, suffered and permitted SCHAFER to routinely work in excess of forty (40) hours per week without receiving overtime pay equal to one and one half times his hourly rate of pay as required by the Fair Labor Standards Act. 29 U.S.C. §207(a)(1). For example, during the pay period beginning on 12/2/2015 and ending on 12/16/2015, SCHAFER worked 99.68 hours and was paid $1,420.44 ($14.25 per hour multiplied by 99.68 hours equals $1,420.44). However, during this pay period SCHAFER worked 19.68 hours of overtime for which he was not compensated at one and one half times her regular rate of pay. Specifically, SCHAFER should have been paid $1,560.76 during this pay period and is thus owed $140.32 in unpaid overtime, an equal amount for liquidated damages, and interest. The calculation is as follows: $14.25 hourly rate multiplied by 80 hours equals $1,140. $14.25 hourly rate multiplied by 1.5 equals an overtime rate of pay of $21.38 for all hours worked over 40 hours per week. 19.68 hours of overtime multiplied by an overtime rate of pay of $21.38 equals $420.76 $1,140 plus $420.26 equals $1,560.76.

11. Defendant's Physical Therapy orthopedic rehabilitation facilities are run as true "chain store" operations. For example, all of Defendant's Physical Therapy orthopedic rehabilitation facilities are virtually identical in service and operation. Defendant maintains uniformity of operations throughout its facilities by implementing standardized operating policies and procedures. The duties of the PT Techs/Aides and Senior PT Techs/Aides are set forth by uniform written company-wide policies and procedures.

12. During the three year statute of limitations period, each of Defendant's Physical Therapy orthopedic rehabilitation facilities has been staffed with a large number of hourly paid, non-exempt PT Techs / Aides and Senior PT Techs / Aides. All of these employees were paid by the hour. All of the aforementioned positions were expected to, and actually did, routinely work in excess of forty (40) hours per week without receiving overtime pay equal to one and one half times

their regular rate of pay. Defendant is in possession of records reflecting both the actual hours worked by Plaintiffs, and all others similarly situated, as well as paystubs or pay records reflecting the actual compensation paid to Plaintiffs, and all others similarly situated, on a semi-monthly basis.

13. During the three year statute of limitations period, Defendant has employed several uniform illegal policies and practices which resulted in the systematic failure to properly compensate Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides for hours worked in excess of forty hours per week. Specifically, Defendant has employed a uniform illegal policy and practice of failing to pay Plaintiffs, and all other similarly situated PT Techs /Aides and Senior PT Techs / Aides overtime pay equal to one and one half times their regular rate of pay when they worked over forty hours per week, as required by the Fair Labor Standards Act. See, Exhibits 2-3 (paystubs for Plaintiffs reflecting that they did not receive overtime pay equal to one and one half times their regular rate of pay for hours worked in excess of forty hours per week). In addition, Defendant uniformly failed to include the amount of non-discretionary bonuses paid to Plaintiffs and all other Senior PT Aides / Techs in calculating their regular rate of pay for overtime compensation purposes. See, 29 C.F.R. §778.110. Defendant has also engaged in an illegal policy and practice of using compensatory time for overtime hours worked in excess of forty hours per week, in lieu of paying overtime premiums as required by the Fair Labor Standards Act. Regarding the use of Compensatory pay, Defendant's employee handbook states as follows:

> If the employee is available for work, and reports to work, Premier Physical Therapy & Sports Performance will compensate the employee his weekly hours worked. The employee may be asked to work more than the number of regular working hours, in which case, the employee will be compensated for these additional hours by compensatory time or overtime pay. Overtime or Compensatory time does not apply to Professional and Management staff.

7
PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

The use of Compensatory time in lieu of the payment of overtime premiums for hours worked in excess of forty hours per week is prohibited by the Fair Labor Standards Act.

14. Plaintiffs, and all other similarly situated and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, were required to record, and did record, the number of hours they actually worked each day using Defendant's automated time keeping system. Specifically, Plaintiffs, and all other similarly situated and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, were required to, and did, record both their starting and ending times of employment each day using Defendant's automated time keeping system. Defendant is in possession of the records of hours worked by Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, each day/week through its automated time records. Further, at all times relevant hereto, Defendant has been aware of the fact that Plaintiffs, and all other similarly situated PT Techs/ Aides and Senior PT Techs / Aides, regularly worked in excess of forty (40) hours per week during their employment with Defendant without receiving overtime pay.

15. Defendant is also in possession of Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, paystubs or pay records which reflect the following: (1) the total number of hours worked in each pay period; (2) the hourly rate of pay for each hour worked; (3) the amount of bonuses earned during each pay period; and (4) the total compensation paid for each pay period. See, Exhibits 2-3. These paystubs and pay records categorically demonstrate that Defendant failed to pay Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, overtime equal to one and one half times their regular rate of pay for hours worked in excess of forty hours per week. See, 29 C.F.R. §778.110. While Plaintiffs are unable to state at this time the exact amount owed to them, Plaintiffs propose to obtain such information by appropriate focused discovery proceedings to be taken promptly in this action, and request damages be awarded according to proof thus obtained and presented to the Court.

16. Despite the fact that Defendant authorized, suffered and permitted Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, to work in excess of forty (40) hours per week, and was aware that Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, routinely worked in excess of forty (40) hours per week, Defendant maintained a uniform illegal policy and practice of failing to pay Plaintiffs, and all other similarly situated PT Techs/Aides and Senior PT Techs / Aides, overtime wages equal to one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours a week. During the relevant time period, Defendant knowingly, intentionally and recklessly failed to pay Plaintiffs, and all other similarly situated PT Techs / Aides and Senior PT Techs / Aides, overtime wages equal to one and one half times their regular rate of pay for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act. Specifically, Plaintiffs are informed, believe and therefore allege, that Defendant knowingly, intentionally and willfully failed to pay overtime wages equal to one and one half times the employee's regular rate of pay for all hours worked in excess of forty hours per despite the fact that they knew that Plaintiffs and all others similar situated were entitled to such pay. For example, Defendant's own employee handbook states as follows regarding overtime pay:

> **Overtime:** Because of the nature of work, employees may be asked to work overtime on weekends or holidays or additional hours during the regular workday and are expected to comply with such requests.
>
> Overtime compensation is paid to all nonexempt employees at one and one-half times their straight time rate for all hours worked in excess of 8 hours per day and 40 hours per week. However, employees may work four weekly 10-hour shifts without triggering overtime pay.

### III.

### COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs re-allege and incorporate by this reference all of the paragraphs above in this Complaint as though fully set forth herein.

18. Plaintiffs bring this action on behalf of themselves and all other similarly situated PT Techs/ Aides and Senior PT Techs / Aides as a collective action under the FLSA (29 U.S.C. § 216(b)). The FLSA Collective Action Groups at issue are defined as follows:

FLSA Collective Action Group 1:

All persons who, at any time between May 25, 2017 through judgment, are or were employed by Defendant at one of its Physical Therapy locations in the State of Nevada as PT Techs and/or PT Aides.

FLSA Collective Action Group 2:

All persons who, at any time between May 25, 2017 through judgment, are or were employed by Defendant at one of its Physical Therapy locations in the State of Nevada as Senior PT Techs or Senior PT Aides.

19. Plaintiffs are similarly situated to those whom they represent for the following reasons:

A. Like the Plaintiffs, Defendant employed a number of hourly paid, non-exempt, PT Techs / Aides and Senior PT Techs / Aides at its Physical Therapy facilities. Plaintiffs, like the other similarly situated PT Techs / Aides and Senior PT Techs / Aides employed by Defendant, were suffered and permitted by Defendant to work a significant number of hours per week without receiving overtime wages equal to of one and one half times their regular rate of pay for all hours worked over forty (40) hours in a work week;

B. Defendant maintained a uniform and illegal policy and practice of failing to pay overtime wages to Plaintiffs, and all other PT Techs / Aides and Senior PT Techs / Aides, equal to one and one half times their regular rate of pay for all hours worked over forty (40) hours in a work week;

C. The job duties, responsibilities and work tasks performed by Plaintiffs and all other Senior PT Techs / Aides were similar and were dictated by Defendant's uniform operating policies and procedures;

D. The job duties, responsibilities and work tasks performed by Plaintiff SCHAFER and all other similarly situated members of FLSA Collective Action Group 1 (PT Techs / Aides) were similar and were dictated by Defendants' uniform operating policies and procedures;

E. Plaintiffs, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, are challenging Defendant's uniform and unlawful policy and practice of failing to pay them overtime wages equal to one and one half times their regular rate of pay for all hours worked in excess of forty (40) hours per week; and

F. Common questions exist as to whether Defendant's policy and practice of failing to pay overtime to Plaintiffs and all other hourly paid PT Techs/Aides and Senior PT Techs/Aides violates federal law. Common questions also exist as to the proper method for calculating the regular rate or pay and back overtime owed.

## IV.

## FIRST CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On behalf of Plaintiffs and all other similarly situated members

of FLSA Collective Action Groups 1 and 2 against Defendant)

20. Plaintiffs re-allege and incorporate by this reference all of the paragraphs above in this Complaint as though fully set forth herein.

21. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

22. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such an employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendant is, and was, subject to the requirement to pay Plaintiffs, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, one and one-half times their regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendant violated the FLSA by failing to pay Plaintiffs, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

23. Exemptions from the requirement to pay overtime to employees are found at §§ 207 and 213 of the Fair Labor Standards Act. For example, 29 U.S.C. § 213 (a)(1) states that § 207 does not apply if the employee is employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman. In view of the remedial purpose of the FLSA, it is well settled that the various statutory exemptions are to be narrowly construed and that the burden is always on the employer to prove that its employees fall squarely within the scope of a particular exemption. Each of the applicable exemptions from overtime contains both a pay requirement and a duties requirement. In order to apply for any of the applicable exemptions from overtime, employees must meet both the pay requirement and the duties requirement. Specifically,

in order for the executive exemption to apply, employees must be paid on a salary basis. See, 29 C.F.R. §541.100(a)(1). Conversely, in order for the administrative or professional exemption to apply, employees must be paid either on a salary basis or a fee basis. See, 29 C.F.R. §541.200 (a)(1), 541.300(a)(1). In this case, for the reasons set forth above, Plaintiffs, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, do not qualify for any of the exemptions which would permit Defendants from failing to pay them overtime for all hours worked in excess of forty (40) hours per week because they were paid on an hourly basis and not a salary basis or fee basis. See, 29 C.F.R. § 541.602, 541.605.

24. In addition, Plaintiffs and all others similarly situated do not meet the duties test for any of the aforementioned exemptions. Their primary duty was not management of the Physical Therapy facilities, they did not customarily and regularly exercise independent judgment and discretion with respect to matters of significance, they did not customarily and regularly direct the work of two or more other employees, their primary duty was not the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction, and their primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendant.

25. Section 16(b) of the Fair Labor Standards Act [29 U.S.C. § 216(b)] states: "Any employer who violates the provisions of § 6 or § 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

26. Section 17 of the Fair Labor Standards Act [29 U.S.C. § 217] states: "The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of § 215 of this title, including in the case of § 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ."

27. The statute of limitations for violations of the FLSA is three years if the violations are willful. At all times relevant hereto, Defendant has willfully, knowingly and improperly failed to pay Plaintiffs, and all others similarly situated members of FLSA Collective Action Groups 1 and 2, overtime at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week. Defendant's unlawful conduct, as alleged herein, has been knowing, intentional, widespread, repeated, and willful. Plaintiffs are informed, believe, and therefore allege that Defendant knew that the illegal conduct alleged herein violated the Fair Labor Standards act and/or showed reckless disregard for whether its actions complied with the Fair Labor Standards Act. Specifically, Plaintiffs allege that Defendant purposely elected not to pay them, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, their overtime hours worked at the correct legal rate of pay in order to save on its labor costs and increase profits.

28. Therefore, Plaintiffs seek the following from Defendant: unpaid overtime at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week, liquidated damages in an equal amount, plus attorney's fees and costs, for themselves, and all others similarly situated members of FLSA Collective Action Groups 1 and 2, from the three years prior to the filing of this Action, through the date of judgment after trial, plus interest and costs as allowed by law.

V.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs, on their own behalf and on behalf of all similarly situated PT Techs / Aides and Senior PT Techs / Aides, as defined above, pray for relief against Defendant as follows:

1. For damages according to proof for overtime wages owed to Plaintiffs, and all other similarly situated members of FLSA Collective Action Groups 1 and 2, at the applicable rate under federal law for all hours worked in excess of forty (40) hours per week;

2. For liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For interest as provided by law at the maximum legal rate;

4. For reasonable attorneys' fees as authorized by statute;

5. For costs of suit incurred herein;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For such other and further relief as the Court may deem just and proper.


Dated May 25th, 2017                     JONES LAW FIRM

                                                             By: /s/ Charles A. Jones
                                                             Attorneys for Plaintiffs